[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-13892
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2008
THOMAS K. KAHN
CLERK

BIA No. A98-559-814

RONG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(June 16, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Rong Chen, a native and citizen of China, petitions for review of the

affirmance by the Board of Immigration Appeals ("BIA") of the decision of the

Immigration Judge ("IJ") denying asylum.[1]  No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision.  See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well").  We review de novo legal determinations of the BIA.  Id.  We review factual determinations under the "highly deferential" substantial evidence test; and we must affirm a "decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal citation omitted).  Therefore, a  fact determination will be reversed only when the record compels, instead of merely supports, a reversal.  Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including religion.

---

[1]The decision also denied withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.  But on appeal, Chen does not challenge the denial of these forms of relief; thus, these claims are abandoned.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that a petitioner abandons an issue by failing to offer argument on that issue).

8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1287.

Chen sought asylum based on his Christian faith and alleged the following facts: (1) he and his family were devout Christians and, along with several other families, attended an unregistered church in China; (2) Chinese authorities wanted to arrest all members of his church and did arrest one family; (3) this threat of arrest caused his family to flee their home and go into hiding in many places around the country, traveling great distances to stay with friends and relatives; and (4) he escaped to the United States, but his parents remained in China, and he was unaware of their exact location.

The IJ determined that Chen's testimony and documentary evidence were insufficient to support asylum relief and failed to demonstrate that he had suffered past persecution or faced a future threat of persecution if he returned to China. The BIA agreed that Chen did not sustain his burden of proof and specifically agreed with the following aspects of the IJ's analysis: (1) because Chen did not disclose his problems in China to airport officials when he first arrived in the United States and instead, did not reveal them until after he spoke with other Chinese detainees, he did not speak like someone who was explaining his own

personal experiences; (2) Chen's testimony about his family's far and frequent moves to avoid the police lacked detail and he never indicated that authorities ever went to any of the places he hid; and (3) he claimed to not know where his parents were in China, but he submitted a letter from his parents to his lawyer bearing his mother's name and a return address. In affirming the IJ's decision, the BIA concluded that the IJ had made an adverse credibility determination and that the determination was not clearly erroneous.

On appeal, Chen argues that the IJ erred in making an adverse credibility determination because his testimony was detailed and consistent and he adequately explained inconsistencies. He also argues that he demonstrated a fear of future persecution if returned to China.[2]

Both parties, on appeal, accept that the IJ made an adverse credibility determination. But we note our doubts about the BIA's characterization of the IJ's analysis. The IJ noted many inconsistencies in Chen's testimony and expressed doubts about its believability, but never made an explicit determination that Chen's testimony was not credible. See Yang v. U.S. Attorney Gen., 418 F.3d

---

[2]Chen bases his appellate arguments, in part, on several points made by the IJ that the BIA did not consider in its affirmance of the IJ, including his failure to know some of his relatives' names and his failure to apply for asylum in France before coming to the United States. But we need not address these arguments because they were not part of the BIA's decision. See Al Najjar, 257 F.3d at 1284.

1198, 1201 (11th Cir. 2005) (explaining that the IJ must make "clean determinations of credibility") (citation omitted). Instead, the IJ's reasoning focused on the insufficiency of Chen's evidence. See id. Given the BIA's reasons for affirming the IJ, which also are based, in part, on the insufficiency of Chen's evidence, we suppose that the adverse credibility determination label is not dispositive to the analysis in this appeal.

But we agree with the BIA that the evidence was insufficient to support Chen's claimed fear of future persecution.[3] To show a well-founded fear of future persecution, Chen needed to establish that his fear both was "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. "[T]he objective prong can be fulfilled by establishing . . . that he. . . has a good reason to fear future persecution." Id. (internal quotation omitted). Chen has shown no such objective good reason. Though he testified that he and his family frequently moved because they feared being arrested by Chinese authorities, nothing in the record evidences that authorities ever pursued Chen or his family at any of their many hiding places. In addition, documentary evidence submitted by Chen indicates that regional treatment of religion varies significantly in China: this information makes Chen's objective fear of being singled out for persecution less reasonable and does not

---

[3]On appeal, Chen concedes that he did not suffer past persecution in China.

compel us to reverse the BIA's decision.  See Sepulveda, 401 F.3d at 1231 (an alien must establish a nexus between a statutorily protected ground and the feared persecution by presenting "specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution on account of" such ground) (emphasis in original).  Chen's objective fear of future persecution also is negated by his failure to discuss his religious troubles when he initially was detained in the United States.  Finally, Chen's parents remain in China, as evidenced by Chen's testimony and the envelope bearing his mother's return address.  See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (indicating that a claim of well-founded fear is undercut when the alien has family living in the country without incident).

Accordingly, because Chen's testimony and evidence do not demonstrate an objective fear of future persecution, substantial evidence supports the BIA's conclusion that he failed to establish eligibility for asylum.

PETITION DENIED.